UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| MERRIL LYNCH LIFE INSURANCE COMPANY, and ML LIFE INSURANCE COMPANY OF NEW YORK, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CAUSE NO. 2-09-cv-158 |
| LINCOLN NATIONAL LIFE INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court is Plaintiffs' Motion for Leave to File a Surreply to Lincoln's Motion to Dismiss (Docket # 40), seeking leave to address the covenant not to sue argument advanced by Defendant in its reply brief. (Docket #39.) Defendant, however, opposes Plaintiffs' motion on three grounds, arguing that this Court's Local Rules do not permit surreplies, that the surreply is untimely, and that its covenant not to sue is sufficient to cause the suit to be dismissed. (Lincoln's Resp. In Opp'n. 2-9.)

Plaintiffs' motion will be GRANTED. Although this District's Local Rules do not specifically contemplate surreplies, that is not an absolute bar to their use. Rather, "[a] surreply brief is occasionally allowed when it raises or responds to some new issue or development in the law." *Hall v. Forest River, Inc*., No. 3:04-CV-259, 2008 WL 1774216, at *n. 3 (N.D. Ind. Apr. 15, 2008) (*citing Runkle v. United States*, No. 1:94-CV-342, 1995 WL 452975, at *1 (N.D. Ind. May 9, 1995). Plaintiffs' surreply will therefore be allowed because it addresses the new and potentially dispositive issue concerning the Defendant's proposed covenant not to sue.

Additionally, the proposed surreply is not untimely as a matter of law. Since a surreply, by its very nature, is outside of the normal briefing schedule, there is no date by which one must absolutely be filed. Furthermore, since the Court has yet to rule on the Defendant's pending Motion to Dismiss and because the Plaintiffs' present motion may have been delayed while the parties were engaged in negotiations over the covenant, the motion is deemed timely.

Finally, if Defendant wishes to argue that its covenant not to sue is adequate (a point the Plaintiffs dispute in their surreply), it is granted to and including November 19, 2009 to file a final brief on this limited point.

For the foregoing reasons, Plaintiffs' Motion for Leave to File a Surreply (Docket # 40) is GRANTED. The Clerk is directed to show the Surreply in Connection with Lincoln's Motion to Dismiss (Docket # 40, Exhibit A.) filed.

SO ORDERED.

Enter for November 9, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge